### N. V. STOOMVAART MATTSCHAIPPIJ NEDERLAND v. UNITED STATES.
### No. 22325.

District Court, N. D. California, S. D.
March 15, 1937.

Chalmers G. Graham, of San Francisco, Cal., for plaintiff.

H. H. McPike, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

ROCHE, District Judge.

This action was brought by the owner and operator of the Dutch motorship Manoeran on account of damages suffered by that vessel in a collision with the American cruiser Marblehead on August 16, 1936. The action is brought under the terms of an Act of Congress passed March 3, 1925 (43 Stat. p. 1112, 46 U.S.C.A. § 781).

A stipulation for settlement of the case and for entry of a decree for part of the damages has been submitted to me, provided that I find that an American citizen could sue the Kingdom of Holland in a like case. The Act of March 3, 1925, under which the suit was brought, requires the national of a foreign government, who sues the United States for damages caused by one of its public vessels, to show to the satisfaction of the court that the foreign government "under similar circumstances, allows nationals of the United States to sue in its courts." (46 U.S.C.A. § 785).

By stipulation, correspondence between the United States Department of State and the Minister of the Netherlands at Washington has been presented to me as evidence of the foreign law. In it there appears an authoritative statement by a qualified barrister of the Kingdom of the Netherlands that under the circumstances of the Manoeran—Marblehead collision, an American citizen whose merchant vessel had been in collision with a Netherlands warship could bring suit against the Kingdom of the Netherlands. He states that article IX of the General Statutes of the Kingdom of the Netherlands, provides: "That the civil law of the Kingdom is the same for foreigners as for Netherlands subjects as long as the law does not provide expressly for the contrary. Articles 534–544–a of the Netherlands Commercial Code which provide for the law relating to collisions at sea, make no distinction between the rights of ships owned by private individuals and ships owned by the State of Netherlands, or other public corporations, nor between warships and commercial ships."

The opinion of the Dutch barrister in question upon the laws of the Kingdom of the Netherlands, and the correspondence between the Secretary of State and the Minister of the Netherlands, establish to my satisfaction that the laws of the Kingdom of the Netherlands permit a national of the United States of America to sue the Kingdom of the Netherlands under the circumstances set forth in the libel herein.

The suit, therefore, properly lies under the Act of Congress of March 3, 1925, supra.

Let a final decree be entered in favor of libelant in the terms of the stipulation.